UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Crim. No. 05-162 (JAF) |
| v. | |
| JEAN NEGRON PÉREZ, | |
| Defendant. | |

**O R D E R**

On May 17, 2005, a federal grand jury indicted Defendant Jean Negron Pérez with knowingly attempting to conduct an illegal financial transaction affecting interstate commerce, *i.e.*, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in controlled substances, pursuant to 18 U.S.C. § 1956(a)(1)(B)(i) (2000 & Supp. 2005), in the amount of $70,443.00. Docket Document No. 2.

On June 8, 2005, a federal grand jury filed a superseding indictment that further charged Defendant with possessing a firearm from which the serial number had been obliterated pursuant to 18 U.S.C. § 922(k) (2000 & Supp. 2005). Docket Document No. 19. Defendant plead not guilty to both the May 17th and June 8th charges. Docket Document Nos. 13, 22. On July 11, 2005, Defendant moved to suppress evidence obtained by the government during Defendant's May 20, 2005 arrest. Docket Document No. 24.

Criminal No. 05-162 (JAF)                                                -2-

Pursuant to our August 5, 2005 order, we held an evidentiary hearing on August 16, 2005 to consider Defendant's motion to suppress. Docket Document No. 27. Based on testimony adduced at the hearing, we deny Defendant's motion.

**I.**

On May 20, 2005, at approximately 4:30 A.M., federal law enforcement authorities executed an arrest warrant against Defendant at his parents' residence. Defendant's mother, Mrs. Pérez González, admitted authorities through the front door, and they encountered Defendant sleeping in the living room. He was immediately handcuffed and escorted outside. After securing Defendant, authorities requested his consent to search the house because the authorities did not have a search warrant at the time. Docket Document No. 24. Defendant's counsel denies consent. However, Defendant did not provide testimony at the suppression hearing.

The warrant and probable cause requirements of the Fourth Amendment are not absolutes, and may be avoided when the government obtains valid consent to perform the search. United States v. Laine, 270 F.3d 71, 74-75 (1st Cir. 2001). Thus, a consensual search is an exception to the Fourth Amendment's warrant requirement. See, Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973) ("[A] search authorized by consent is wholly valid."). "To establish applicability of the consent exception, the government must prove valid consent by a preponderance of the evidence." United States v. Forbes, 181 F.3d

Criminal No. 05-162 (JAF)                                                -3-

1, 5 (1st Cir. 1999). Based upon the credible testimony of two federal officers offered at the evidentiary hearing, we find that Defendant did give his verbal consent.

A lingering question, then, is whether Defendant's consent was voluntary. When determining "voluntariness," the court must assess the totality of all the surrounding circumstances, *i.e.*, "both the characteristics of the accused and the details of the interrogation." Schneckloth, 412 U.S. at 227. The factors include the accused's youth, education, intelligence, extent of any advice regarding his constitutional rights, length of detention, nature of questioning, and the physical circumstances. Id.

According to the testimony of law enforcement and Defendant's mother, it is clear that the situation was not coercive. All of the arresting authorities had holstered their weapons and there are no allegations of threatening or menacing behavior. We further have no evidence that Defendant was in any way handicapped by youth, education, intelligence, or knowledge of his constitutional rights. As a result, we find that Defendant's consent was voluntary.

Our conclusion that the evidence shall be admitted is buttressed by the fact that Mrs. Pérez González, the owner of the residence, gave her written consent to have the premises searched. After obtaining Defendant's verbal consent, but before searching the residence, authorities realized that Mrs. Pérez González was the property owner. Authorities then asked her permission to search

Criminal No. 05-162 (JAF)                                                -4-

Defendant's room.  At that point, Mrs. Pérez González was presented with, read, and signed a form, in the Spanish language, entitled "Consent to Search."  By all accounts she was calm and aware throughout the arrest and subsequent search.

It is well-established that third-party consent is valid when the third party possesses "common authority" or other legally-sufficient relationship to the premises.  See Illinois v. Rodriguez, 497 U.S. 177, 181 (1990).  "'Common authority' rests 'on mutual use of the property by persons generally having joint access or control for most purposes . . . .'"  Id.  "[T]he consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared." United States v. Matlock, 415 U.S. 164, 170 (1974).  As such, the search is valid because the owner of the home, Mrs. Pérez González, clearly had the common authority to consent to the search of Defendant's room.  As Mrs. Pérez González testified at the evidentiary hearing, her consent was voluntary and uncoerced, as the officers consistently treated her in a respectful, professional, and calm manner.  See Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973).  Her consent to search the property legitimately eliminated any Fourth Amendment concerns.

Accordingly, we deny the motion to suppress any evidence obtained during the warrantless search, because the search was consensual both with regard to Defendant and his mother.

As a final note, in his motion to suppress Defendant argues at length that admissions he made to authorities should be deemed inadmissible because he had not yet been read his *Miranda* rights. <u>Docket Document No. 24</u>. The United States assuages this concern, however, by agreeing that they "will not seek to admit any admissions made by the defendant at the residence because he was not presented with the waiver of rights form until he was in the secured area of the police station . . . ." <u>Docket Document No. 26</u>. Accordingly, any admissions made by Defendant before he signed a waiver of *Miranda* rights will not be admitted. Any admissions that he made after he signed the waiver, however, will be admitted.

**II.**

**<u>Conclusion</u>**

In accordance with the foregoing, we **DENY** Petitioner's motion to suppress.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 22nd day of August, 2005.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U. S. District Judge